# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VINCENT MARTIN,

    Petitioner,

vs.                                                           Civil No. 00-375 MV/WWD

JOE WILLIAMS, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1. THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed April 24, 2000 **[docket # 11]**. Petitioner, who is proceeding *pro se* and *in forma pauperis*, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently incarcerated pursuant to the judgment, sentence and commitment of the Thirteenth Judicial District Court, County of Valencia for the crimes of felony murder, kidnaping, bribery or intimidation of a witness, battery and aggravated assault.

    2. Petitioner entered a plea of guilty on July 10, 1998. Ans., Ex. B (plea and disposition agreement). In order to be constitutional, a guilty plea must be both knowing and voluntary. See Parke v. Raley, 506 U.S. 20, 28 (1992). Once a defendant has pled guilty, the inquiry is confined to whether the underlying plea was both counseled and voluntary. United States v. Broce, 488 U.S. 563 (1989); Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir.), cert. den., 115 S.Ct. 2591 (1995) (citing Mabry v. Johnson, 467 U.S. 504, 508-09 (1984)).

3. Petitioner alleges three grounds in his present petition:

(1) ineffective assistance of counsel in failing to adequately represent his client, including failure to investigate witnesses who could rebut the testimony of a confidential informant, leaving him no alternative but to plead guilty;
(2) prosecutorial misconduct; and
(3) violation of the right to submit an amended petition, in violation of N.M.R.A. § 5-802(E)(2).[1]

*Procedural History*

4. The procedural history in this case is somewhat convoluted, but a presentation is helpful as a background supportive of Respondents' contention that the claims in the petition are procedurally defaulted.

5. Petitioner filed a motion in state court *pro se* to withdraw his plea on October 2, 1998, which was denied. Ans., Ex. C. He then filed a motion to reconsider the denial on March 16, 1999, which was also denied on March 18, 1999. Exs. D, E. He did not directly appeal the denial of either motion.

6. Petitioner filed a state habeas corpus petition on May 12, 1999. The issues were identical to those raised in the earlier motion to withdraw the plea and the motion to reconsider, except that the habeas petition fleshed out the issues more fully. Ex. F.

7. After filing the state petition, a public defender was appointed to represent Petitioner in the habeas corpus litigation. Counsel requested an extension of time in which to file an amended petition, which was granted on August 17, 1999. Ex. J. However, the court dismissed the habeas petition the following day, on a motion to dismiss that was filed by the government the same day

---

[1] This provision outlines the procedure governing habeas corpus petitions. Subparagraph (E)(2) discusses the procedure that is followed where the state court does not order summary dismissal.

the extension of time was granted. The order of dismissal, dated August 18, 1999, stated that the issues which were raised in the petition had already been raised and previously decided in both Petitioner's motion to withdraw the plea and his motion to reconsider. Ex. L.

8. Petitioner, through appointed counsel this time, filed a motion for reconsideration of the state court's denial of his habeas corpus petition, which was summarily denied on August 27, 1999. Exs. M, N. On December 6, 1999, Petitioner filed a petition for writ of certiorari from the dismissal of his state habeas corpus petition. It was denied on February 9, 2000. Ex. Q.

*Exhaustion*

9. Respondents concede exhaustion of all issues. However, I note that the federal petition adds a claim which had not been raised in state court: whether Petitioner had a right to submit an amended petition before the state court dismissed his state habeas petition, in violation of Rule 5-802(E)(2). A petition containing an unexhausted claim is subject to dismissal. Rose v. Lundy, 455 U.S. 509, 520-21 (1982). However, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[2] a court may dismiss an unexhausted claim on the merits. 28 U.S.C. § 2254(b)(2).

10. This claim, even though unexhausted, should be dismissed. Because the claim is based on a state statute, i.e., N.M.R.A. 5-802, it is not cognizable for review in this Court, since federal habeas corpus relief ordinarily is not available for violations of state law. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990). It would appear that the state court decided to order summary dismissal, although counsel had also been appointed for Petitioner. At any rate, the deprivation suffered by Petitioner does not rise to a level where it rendered the entire proceeding

---

[2] Pub.L.No. 104-132, tit.I, sec. 104 (codified at 28 U.S.C. § 2254).

fundamentally unfair.  Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990); see also Lockhart v. Fretwell, 506 U.S. 364 (1993).  Relief on this claim should be denied on the merits.

*Procedural Default*

11. Respondents contend that the claims in the federal petition are procedurally defaulted. On habeas review, this Court will not consider issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.  See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991), cited in Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998).

12. Respondents offer three ways in which the petition is defaulted.  I need not address all three, since I find that the claims in the petition are defaulted because they were never presented on direct appeal.  See  Jackson v. Shanks, 143 F.3d 1313 (10th Cir. 1998) (as amended on rehearing) (New Mexico courts have "consistently and even handedly applied the rule waiving issues not raised on direct appeal for purposes of post-conviction relief").

13.  Specifically, Petitioner never directly appealed the denial of his motion to withdraw plea and motion for reconsideration, but instead filed a state habeas corpus petition.  See State v. Gillihan, 86 N.M. 439, 440 (1974) (postconviction proceedings not substitute for direct appeal). Application of New Mexico's procedural bar rule constitutes an independent state ground because it does not require a ruling on the merits of the federal claim.  Gutierrez v. Moriarty, 922 F.2d 1464 (10th Cir. 1991), cert. denied, 502 U.S. 844 (1991).  Accordingly, because the claims in the petition are procedurally defaulted, federal habeas review is unavailable.

14.  While it is true that an ineffective assistance claim can constitute cause for procedural default, see United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995), this is not such a situation.

4

Here, Petitioner's ineffective assistance claim was itself procedurally defaulted, and so it cannot serve as a basis for "cause."  See Edwards v. Carpenter, 120 S.Ct. 1587 (2000).

15.  In sum, Petitioner's claims are procedurally defaulted.  His unexhausted third claim should be dismissed on the merits.

### Recommendation

I recommend that Respondents' Motion to Dismiss **[docket # 11]** be GRANTED, that Petitioner's application for Writ of Habeas Corpus be DENIED and that this cause be dismissed with prejudice in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE